UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NORRIS D. ANDERSON, | Case No. CV 14-09885 (GJS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   PROCEEDINGS

Plaintiff Norris D. Anderson ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case:  Notice of Motion and Motion for Summary Judgment; Memorandum of Point and Authorities in Support Thereof ("Plaintiff's Motion), and Defendant's Motion for Summary Judgment ("Defendant's Motion").  The Court has taken the Motions under submission without oral argument.  For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability based primarily on a spinal injury, high blood pressure, sleep apnea, and a hip replacement. (Administrative Record ("AR") 151-52, 165).

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff disabled for a closed period. *See* 20 C.F.R. § 404.1520(b)-(g)(1).[1] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since his alleged onset date of August 4, 2007. (AR 14). At step two, the ALJ found that Plaintiff has the following severe impairments: left knee degenerative joint disease; history of degenerative joint disease of the right hip; status post total right arthroplasty; lumbar degenerative disc disease with radiculopathy, status post multiple lumbar fusions and related surgeries; and obesity. (AR 15). At step three, the ALJ found that for the period beginning on June 16, 2010, and ending on December 7, 2011, Plaintiff was under a disability, as the severity of his impairments medically equaled the

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 404.1520(b)-(g)(1).

2

criteria of listing 1.04A in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").[2] (AR 11, 19). The ALJ determined that medical improvement occurred on December 7, 2011, and that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairment in the Listings for the period beginning on Plaintiff's alleged onset date through June 15, 2010, and the period beginning on December 8, 2011. (AR 11, 19). The ALJ assessed Plaintiff with the residual functional capacity ("RFC") for light work, for the period beginning on Plaintiff's alleged onset date through June 15, 2010, and the period beginning on December 8, 2011.[3] (AR 20). At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as an insurance sales agent and office manager, as generally performed in the economy.[4] (AR 23).

---

[2] The Court notes that the ALJ referenced conflicting dates for the closed period of disability in the decision. In addition to the dates of disability described above, the ALJ also stated that Plaintiff's degenerative disc disease medically equaled the criteria of listing 1.04A, from June 1, 2010, through May 31, 2012. (AR 15). The conflict in the ALJ's findings regarding the dates of Plaintiff's disability should be addressed on remand.

[3] Specifically, the ALJ found that Plaintiff was capable of the following: exerting up to 20 pounds of force occasionally, up to 10 pounds frequently, and negligible amounts of force constantly to move objects; standing and walking up to 4 hours in an 8-hour workday with normal breaks, provided that Plaintiff can sit for up to 15 minutes within each hour while remaining on task, if the work permits; sitting up to 6 hours in an 8-hour workday with normal breaks, provided that Plaintiff can stand and walk up to 15 minutes within each hour while remaining on task, if the work permits; and climbing ramps and stairs occasionally; balancing, stooping and crouching occasionally; and kneeling frequently. (AR 20). The ALJ further found that Plaintiff cannot perform work requiring crawling or climbing ladders, ropes or scaffolds. (AR 20).

[4] The Court notes that the ALJ made internally inconsistent findings

3

At step five, the ALJ found that Plaintiff was capable of performing other work in significant numbers in the economy. (AR 24-25).

The Appeals Council denied Plaintiff's request for review. (AR 1-4).

On December 29, 2014, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision partially denying benefits. Plaintiff raises the following issues: (1) remand is required because the ALJ failed to provide an RFC assessment for the period prior to June 16, 2010; (2) the ALJ failed to provide specific and legitimate reasons to reject the opinion of the treating physician; (3) the ALJ failed to provide specific and legitimate reasons to reject the opinion of the examining physician regarding Plaintiff's sleep apnea for the period prior to July 2011; and (4) the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective limitations. (Plaintiff's Motion at 5-14). The Commissioner asserts that the ALJ's decision should be affirmed. (Defendant's Motion at 2-11).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

---

regarding the dates applicable to the ALJ's step four findings, which conflict with the ALJ's findings as to the periods of non-disability. For example, the ALJ found that Plaintiff could perform his past work beginning on December 8, 2012, which is one year after Plaintiff's closed period of disability ended. (AR 23). The ALJ also stated that Plaintiff could perform his past work for the period beginning on his alleged onset date through May 31, 2010, and the period beginning on June 1, 2012. (AR 23). These dates do not coincide with the ALJ's determination that Plaintiff was not disabled from his alleged onset date through June 15, 2010, and for the period beginning on December 8, 2011. (AR 19). These inconsistencies in the ALJ's findings should be addressed on remand.

4

1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

**A. The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Plaintiff's Credibility**

Plaintiff argues that the ALJ failed to state sufficient reasons for finding his subjective symptom testimony not fully credible. (Plaintiff's Motion at 11-14; AR 18, 21-22).

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995))).[5] Moreover, "[t]he ALJ must state specifically which symptom

---

[5] The Commissioner argues that the proper standard to assess an ALJ's adverse credibility determination is whether the ALJ provided "sufficiently specific" findings supported by the record to ensure that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. (Defendant's Motion at 8-9, n. 2 (citing Social Security Ruling 96-7p). However, recent Ninth Circuit cases apply the "clear and convincing" standard when there is no finding of "malingering." *See*, *e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *Treichler v. Commissioner*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Ghanim v.*

testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991).  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility:  (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

    At the hearing, Plaintiff testified that he has two children, ages six and nine, who were on school vacation.  (AR 70).  Plaintiff stated that he would "supervise" the children until their mother got home, but he did not engage in any physical activities due to pain.  (AR 21, 70-71).  Plaintiff also testified that he sometimes tried to cook, but his great-mother-in-law did the housework and laundry.  (AR 70-71).

    The ALJ provided three reasons to support the adverse credibility determination.  The Court discusses and rejects these reasons below.

    First, the ALJ found that Plaintiff's "babysitting" of his two children

---

*Colvin*, 763 F.3d 1154, 1163 n. 9 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1014-15 & n. 18 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).  In the present case, the Court need not resolve the asserted conflict in the Ninth Circuit authority, as the ALJ's findings are insufficient under either standard.

6

conflicts with his reported limitations in functioning. (AR 21, 526). The ALJ reasoned that "[t]his [babysitting] activity would certainly require [Plaintiff] to occasionally stoop or crouch to pick up items in the house." (AR 21). However, it is not apparent from the record that Plaintiff's ability to watch his children was inconsistent with Plaintiff's alleged limitations of physical activity, as there was no testimony or other evidence regarding Plaintiff's actual activities while "babysitting." Thus, the ALJ's speculation that Plaintiff would have engaged in stooping and crouching activities was not supported by the record. *Reddick*, 157 F.3d at 722 (Only if a claimant's level of activities is inconsistent with his claimed limitations would activities of daily living have any bearing on the claimant's credibility). Further, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Accordingly, the ALJ improperly relied on Plaintiff's "babysitting" activities in support of the adverse credibility determination.

Second, the ALJ discounted Plaintiff's credibility because he found that Plaintiff's "medications have been relatively effective in controlling the claimant's symptoms," and that any side effects from the use of medications were "mild and would not interfere with [Plaintiff's] ability to perform work activities in any significant manner." (AR 22). However, the ALJ failed to specify which

medications controlled which of Plaintiff's symptoms.[6]  *See Smolen*, 80 F.3d at 1284.  Moreover, the examining internist, Rocela Ella-Tamayo, M.D., reported in December 2011 that Plaintiff had "been on medication only on and off because of lack of medical insurance," and that Plaintiff's constant back pain was only "minimally helped by changing positions and pain medication."  (AR 304-05).  Thus, based on the record, the ALJ's finding that medications controlled Plaintiff's symptoms was not a legally sufficient reason to find Plaintiff not fully credible.

Finally, the ALJ found that Plaintiff's subjective complaints were inconsistent with the objective medical evidence, suggesting symptom magnification.  (AR 22).  The ALJ also noted that Plaintiff's description of severely limited daily activities cannot be "objectively verified."  (AR 22).  Because Plaintiff produced medical evidence of underlying impairments that the ALJ determined could reasonably be expected to produce symptoms that significantly limit Plaintiff's ability to do basic work activities (*i.e.*, lumbar degenerative joint disease with radiculopathy, status post multiple lumbar fusions and surgeries), objective medical findings are not required to support Plaintiff's testimony concerning the severity of his symptoms.  (AR 15, 252, 292, 299, 308-09, 504, 510); *see Bunnell*, 947 F.2d at 344-45 ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]."); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (explaining that the ALJ may

---

[6] Although Plaintiff testified that Neurontin had helped with cramping in his left ankle and foot, these impairments were not considered to be severe impairments by the ALJ, Plaintiff did not identify these conditions as a basis for his disability, and Plaintiff had stopped taking his medications due to an apparent lack of insurance.  (AR 15, 21, 67-68, 165).

8

not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."); *Smolen*, 80 F.3d at 1282.  Thus, a lack of corroborating objective evidence was an insufficient reason, on its own, for the ALJ to find Plaintiff less than fully credible.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Plaintiff's subjective symptom testimony.

**CONCLUSION AND ORDER**

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[7]

DATED: January 25, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue raised by Plaintiff except as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  Given the inconsistencies in the ALJ's opinion, however, the ALJ should address each of Plaintiff's contentions of error on remand.

9